UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

*In Re:*
Burman's Tree Services, LLC

Debtor.

Case No. 26-41101-lsg
Honorable Lisa S. Gretchko
Chapter 11, Subchapter V

_____/

### INTERIM ORDER AUTHORIZING DEBTOR'S
### USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION,
### AND SCHEDULING FINAL HEARING

This matter came before the Court for hearing on February 27, 2026 ("Interim Hearing") on the Debtor's First Day Motion for Entry of an Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection ("Motion"; ECF No. 58) filed by Burman's Tree Services, LLC ("Debtor"). The Debtor, the United States Trustee ("US Trustee"), the Subchapter V Trustee, the Farmers & Merchants State Bank ("Lender"), and Meged Funding Group ("Meged") appeared at the Interim Hearing. On March 5, 2026, a stipulation ("Stipulation; ECF No. 70) among the Debtor, the Lender, the US Trustee, the Subchapter V Trustee, and Meged was filed consenting to the terms of this Order.

Based on the Court's review of the Motion, the Stipulation and other pertinent pleadings, and all matters brought to the Court's attention at the Interim Hearing, and after due deliberation and consideration, the Court finds that granting the interim relief set forth below in this Order is necessary to avoid immediate and

irreparable harm to the Debtor and its estate pending a final hearing on the Motion ("Final Hearing").

THE COURT HEREBY FINDS that:

A. <u>Petition Date</u>. On February 2, 2026 ("Petition Date"), the Debtor filed a petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan ("Court").

B. <u>Debtor in Possession</u>. The Debtor is continuing in the management and operation of its business and property as Debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

C. <u>Jurisdiction</u>. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court's consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), and (M).

D. <u>Request for Use of Cash Collateral</u>. The Debtor seeks authority to use cash collateral on the terms described herein to administer the Debtor's case and to fund its operations. Notice of the final hearing on the Motion will be provided in accordance with this Interim Order.

E. <u>Need for Use of Cash Collateral</u>. The Debtor's need to use cash collateral is immediate and critical to enable the Debtor to continue operations and to

administer and preserve the value of its estate.

F.  <u>Use of Cash Collateral</u>. The revised budget filed on March 2, 2026 ("Revised Budget"; ECF No. 65) indicates that the Debtor needs to use cash collateral in the amount of $558,438, with a ten percent variance, through April 10, 2026 to pay expenses in connection with maintaining operations, including purchasing fuel and parts, satisfying taxes, payroll, rents, and utilities. Failure to pay these and similar critical expenses would cause the Debtor immediate and irreparable harm by disrupting the Debtor's ability to maintain operations, effectively shutting down the Debtor.

G.  <u>Interim Order</u>. This Order is being entered on an interim basis pursuant to Fed.R.Bankr.P. 4001(b) and E.D. Mich. LBR 4001-2 and is expressly subject to the rights of parties in interest to object as provided below.

H.  <u>Parties With an Interest in Cash Collateral</u>. The Debtor asserts that, prior to filing Chapter 11, it executed security agreements in favor of the Lender, Meged, and Rowan Advance Group, LLC ("Rowan"), and granted each of them a security interest in, *inter alia*, cash collateral. The Debtor further asserts that no entities other than the Lender, Meged, and Rowan have an interest in cash collateral.

I.  <u>Adequate Protection</u>. The Debtor asserts that the Lender, Meged, and Rowan are entitled to receive adequate protection pursuant to Sections 361,

362, and 363 of the Bankruptcy Code to the extent of any diminution in the value of their respective interests (if any) in the property of the Debtor ("Prepetition Collateral") from and after the Petition Date as a result of the Debtor's use of cash collateral ("Diminution in Value"). As adequate protection, the Debtor shall pay (i) the Lender $2,840.95 per month as described in the Revised Budget, and (ii) deposit $5,379.31 per month into the escrow account described in the Revised Budget (consisting of $3,011.11 for Rowan and $2,368.20 for Meged).

Based upon the Stipulation and the foregoing findings,

IT IS HEREBY ORDERED that:

1. Until April 10, 2026, the Debtor may use cash collateral as described in the Revised Budget with a ten percent variance.

2. As additional adequate protection, the Lender is granted a valid and perfected replacement security interest in, and lien on, the same types and kinds of assets and property, to the same extent and validity, and with the same priority as existed on the Petition Date ("Adequate Protection Lien") on presently owned and hereafter acquired assets and property of the Debtor and its estate (collectively, "Post-Petition Collateral") *excluding* (i) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code ("Avoidance Claims") and (ii) any proceeds or property

recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("Avoidance Proceeds"). The Adequate Protection Lien shall be deemed fully perfected as of the date of entry of this Interim Order. This Interim Order shall evidence the perfection of the Adequate Protection Liens, without the necessity of filing or recording any financing statement. Notwithstanding the foregoing, the Lender is authorized, but not required, to file or record a copy of this Interim Order or take any other action it deems appropriate to evidence the perfection of the Adequate Protection Liens.

3. The Debtor must, within twenty four (24) hours following the entry of this Order, serve copies of this Order on all secured creditors, all creditors included on the list filed under Fed.R.Bankr.P 1007(d), any adverse party relative to the relief requested in the Motion, the United States Trustee, and all other parties who are required to be served under Fed.R.Bankr.P. 4001(d), and E.D. Mich. LBR 9013-1.

4. All parties seeking to object to the Motion or to this Order must file a written objection by April 1, 2026. The final hearing on the Motion will be held

before the Honorable Lisa S. Gretchko, United States Bankruptcy Judge, Courtroom 1975, 211 W. Fort St., Detroit, Michigan 48226, on **April 10, 2026 at 1:00 p.m.**

**Signed on March 5, 2026**



/s/ Lisa S. Gretchko
_____
**Lisa S. Gretchko**
**United States Bankruptcy Judge**