# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In Re:*
Burman's Tree Services, LLC

                Debtor.

Case No. 26-41101-lsg
Honorable Lisa S. Gretchko
Chapter 11, Subchapter V

_____/

## ORDER CONFIRMING PLAN UNDER 11 U.S.C. § 1191(b)

This matter came before the Court for confirmation of the Corrected Plan of Reorganization (ECF Nos. 89 and 91, collectively, the "Plan") filed by Burman's Tree Services, LLC ("Burman's" or "Debtor") under Chapter 11, Subchapter V of the Bankruptcy Code.

On May 8, 2026, the Debtor filed a certificate of service (ECF No. 92) stating that a copy of the Order Establishing Deadlines and Procedures, the Plan and Ballots were served on May 6, 2026.

Ally Bank (a Class 2 and Class 3 creditor under the Plan) filed the sole objection to the Plan ("Ally Objection"; ECF No. 100).

On June 24, 2026, Debtor's counsel filed the Ballot Summary Report (ECF No. 103), on June 26, 2026, Debtor's counsel filed an Amended Ballot Summary Report (ECF No. 104), on July 15, 2026, Debtor's counsel filed a Second Amended Ballot Summary Report (ECF No. 109), and on July 15, 2026, Debtor's counsel filed a Third

Amended Ballot Summary Report (ECF No. 110 and, together with ECF Nos. 103, 104 and 109, the "Ballot Summary"). The Ballot Summary recites that: (i) of the 30 ballots issued, there were 7 filed with the Debtor, with 7 being timely and 0 being untimely, (ii) Farmers & Merchants Bank (Class 1) did not file a timely ballot, but presented the Debtor with an email on June 23, 2026 stating that it "votes to accept the plan as proposed," (iii) of the ballots and informal votes as filed with the Debtor, Classes 1, 10, 12, 15, 16, 17, 18, 19 and 23 accepted the Plan; no class voted to reject the Plan, (iv) the objection of Ally Bank was resolved, (v) informal objections from John Deere (Class 14) and Volvo Financial Services (Class 15) have been resolved, and (vi) ODK (which did not file a timely ballot with the Debtor) consented to be treated as an unsecured creditor in the amount of $69,646.00 as described in Class 23 of the Plan.

On June 26, 2026, the Court held the confirmation hearing regarding the Plan ("Confirmation Hearing"). Adam Burman, Debtor's counsel, the Subchapter V Trustee, counsel for the U.S. Trustee, counsel for Meged Funding Group, LLC, and counsel for Ally Bank appeared at the Confirmation Hearing, and each of them gave their consent to confirmation of the Plan without the need for an evidentiary hearing.

Pursuant to E.D. Mich. LBR 3020-1, based upon the lack of unresolved objections to the Plan and the consent of all parties present at the Hearing, the Court finds that each of the elements necessary for confirmation under 11 U.S.C. § 1129(a) has been established. On July 16, 2026, a stipulation (ECF No. 111) among the

Debtor, the United States Trustee, the Subchapter V Trustee, Meged Funding Group, Ally Bank, and Volvo Financial Services was filed, consenting to the entry of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.     The Plan is confirmed under § 1191(b).

2.     Pursuant to 11 U.S.C. § 1141(a), as of the Effective Date the provisions of the Plan as modified by this Confirmation Order shall bind the Debtor, any creditor, and any holder of an equity interest in the Debtor, whether or not the claim or interest of such creditor or interest holder is impaired under the Plan and whether or not such creditor or interest holder has accepted the Plan.

3.     The failure of this Confirmation Order to reference or address all or part of any particular provision of the Plan has no effect on the validity, binding effect or enforceability of such provision and such provision has the same validity, binding effect and enforceability as every other provision in the Plan.  In the event of any inconsistencies between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

4.     The modifications to the Plan as provided in this Order are deemed to have been made before confirmation of the Plan and constitute modifications allowed under 11 U.S.C. § 1193(a) because the Plan, as modified, meets the applicable requirements of 11 U.S.C. §§ 1122 and 1123.  Furthermore, this Confirmation Order does not adversely change the treatment of the Claim of

any creditor or the interest of any interest holder who has not accepted in writing the modification under the Plan. As a result, under Fed.R.Bankr.P. 3019, the Plan is deemed accepted by all creditors and interest holders who have previously accepted the Plan, and it is not necessary for the Plan to be re-noticed to creditors or interest holders.

5. To resolve the objection of Ally Bank, the Class 2 and Class 3 creditor, the Plan is amended as follows in Class 2 and Class 3:

> "Upon failure of Debtor to make the payments due hereunder and failure to cure said default within 21 days of the mailing of a notice of default by Ally Bank, that Ally Bank may, upon the filing of an affidavit of non-cure, obtain a lift of stay and exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and may seek appropriate relief from this Court."

6. To resolve the informal objection of Class 14 John Deere, Class 14 is removed as a creditor and shall not be paid through the Plan because Adam Burman is the sole party responsible for the debt described in Class 14 in the amount of $19,066.44.

7. To resolve the informal objection of Class 15 Volvo Financial Services, the Plan is amended as follows in Class 15:

> "Upon failure of Debtor to make the payments due hereunder and failure to cure said default within 21 days of the mailing of a notice of default by Volvo Financial Services, that Volvo Financial Services may, upon the filing of an affidavit of non-cure, obtain a lift of stay and exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and may seek appropriate relief from this Court."

Class 15 is further amended to reflect that the applicable interest rate due and paid to Volvo Financial Services is 9.95%.

8. To correct a scrivener's error in Class 23 Unsecured Creditors, the Class 23 creditor identified as "Western Equipment Finance, 2012 Kenworth T800 Truck, $32,159.80," is stricken from Class 23 and shall not be paid as a Class 23 creditor. Instead, Creditor Marlin Leasing Corporation d.b.a. PEAC Solutions shall be included in Class 23 as follows: "Creditor Marlin, 2012 Freightliner Truck 2107, $32,231.80." Marlin Leasing Corporation d.b.a. PEAC Solutions shall be paid as a Class 23 Creditor in the amount of $32,231.80 on the terms set forth in the Plan, Class 23, and as a Class 4 Creditor in respect of its secured claim.

9. To resolve a language inconsistency between Class 20, Meged Funding Group, LLC and Plan Section 6(c) "Guarantees of the Debtor", Adam Burman's personal guarantee and obligations to Meged Funding Group, LLC are released, satisfied, and discharged upon Meged Funding Group, LLC's receipt of the $50,000 payment required under the Plan, notwithstanding any contrary language contained elsewhere in the Plan.

10. Funds escrowed pursuant to the Interim Order Authorizing Debtor's Use of Cash Collateral, Providing Adequate Protection, and Scheduling Final Hearing (ECF No. 71), as extended in the Court's Order dated May 18, 2026 (ECF No. 94) in the approximate amount of $21,516.80) shall be released to the Debtor

on the Effective Date. Notwithstanding anything to the contrary in the Plan or any other document filed in this case, Rowan Advance Group, LLC has no claim against the Debtor.

11. The Plan (as modified by this Confirmation Order) is valid and enforceable pursuant to its terms and all parties in interest are authorized and empowered to act in accordance with its terms. If there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

12. Substantial Consummation. For purposes of this Confirmation Order and under 11 U.S.C. § 1101(2), substantial consummation shall occur upon the Reorganized Debtor's payment due to Meged Funding Group, LLC on the Effective Date.

13. All payments provided for in the Plan shall be made by the Debtor, and not by the Subchapter V Trustee. Notwithstanding confirmation under § 1191(b), the Subchapter V Trustee is excused from the provisions of 11 U.S.C. § 1194(b).

14. Within fourteen (14) days after the Plan has been substantially consummated, and pursuant to 11 U.S.C. § 1183(c)(2), the Debtor shall file the Notice of Substantial Consummation with the Court and serve it upon the Subchapter V Trustee, the United States Trustee, and all parties in interest, along with proof of the payment due to Meged Funding Group, LLC on the Effective Date. Following filing of the Notice of Substantial Consummation, the Debtor and

the Subchapter V Trustee must promptly file a stipulation and submit to the Court a proposed order discharging the Subchapter V Trustee and terminating the Subchapter V Trustee's appointment.

15. In the event of a post-confirmation conversion of this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, all property of the Debtor, Debtor-In-Possession, Successor to the Debtor or Reorganized Debtor, including all property which vests (or revests) in the Reorganized Debtor pursuant to the Plan or this Order, and all property acquired by the Reorganized Debtor subsequent to Plan confirmation, shall be property of the Chapter 7 estate.

16. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case.

17. To correct a scrivener's error, the words "as described in paragraph 5b, above" are deleted from Plan paragraph 9(C)(1) and replaced with the following words: "as described in paragraph 9B, above."

**Signed on July 17, 2026**



/s/ Lisa S. Gretchko

**Lisa S. Gretchko
United States Bankruptcy Judge**